**In re IN–STORE ADVERTISING
SECURITIES LITIGATION.**

No. 90 Civ. 5594 (PKL).

United States District Court,
S.D. New York.

Feb. 22, 1995.

Milberg Weiss Bershad Hynes & Lerach, New York City, Sharon Levine Mirsky, Janine L. Pollack, of counsel, Wolf Popper Ross Wolf & Jones, New York City, Marian P. Rosner, Robert C. Finkel, of counsel, for plaintiffs.

Davis, Scott, Weber & Edwards, P.C., New York City, Mark J. Schiller, George A. Salter, of counsel, for moving defendant.

Fried, Frank, Harris, Shriver & Jacobson, New York City, Matthew Gluck, Bonnie Kayatta-Steingart, of counsel, Kirkland & Ellis, New York City, William H. Pratt, Frank M. Holozubiec, of counsel, for non-moving defendants.

### OPINION AND ORDER

LEISURE, District Judge:

This action arises from the sale of common stock by In–Store Advertising Co. ("In–Store"). Plaintiffs purport to represent a class of persons who purchased In–Store common stock. There are three groups of original defendants (the "defendants"), and KPMG Peat Marwick ("Peat Marwick") was brought into the instant action, as an additional defendant, in July 1993. Peat Marwick now moves this Court for an order dismissing or severing defendants' cross-claims and dismissing plaintiffs' state law fraud claim for failure to comply with Rules 8 and 9(b) of the Federal Rules of Civil Procedure. Alternatively, Peat Marwick moves for severance of claims against it from the main action. In addition, plaintiffs and defendants both move for the production of certain documents that Peat Marwick has failed to provide. For the reasons stated below, Peat Marwick's motion is granted in part and denied in part, and plaintiffs' and defendants' motions are denied in their entirety.

## BACKGROUND

This action arises from the sale of common stock, pursuant to an initial public offering ("IPO") by In–Store on July 19, 1990. *See* Memorandum of KPMG Peat Marwick in Support of its Motion (1) to Dismiss or Sever the Cross-Claims and (2) to Dismiss Plaintiffs' State Law Fraud Claim ("Peat mem.") at 5. In–Store sold advertising time on its electronic signs located in participating supermarkets to consumer product companies. *Id.* In–Store commenced operations in 1987 and filed for protection under Chapter 11 of the Bankruptcy Code in July 1993. *Id.*

Plaintiffs purport to represent a class of purchasers of In–Store common stock. Defendants include: "venture capital defendants," each of which placed one of their officers or principals on In–Store's board of directors; "individual defendants," a group comprised of management defendants and outside director defendants; "underwriter defendants," a group encompassing the involved underwriters; and Peat Marwick, which conducted an audit of In–Store's financial statements for the year ended December 31, 1989. Peat mem. at 6.

Plaintiffs' first complaint was filed on August 29, 1990. On August 27, 1991, plaintiffs filed a consolidated class action complaint, and this complaint charged all defendants, except Peat Marwick, with violations of federal securities laws, common law fraud, and negligent misrepresentation. After answers were filed to this complaint, the parties entered into settlement negotiations which resulted in the execution of a memorandum of understanding in February 1992. *See* Cross-Claimants' Answering Memorandum of Law in Opposition to KPMG Peat Marwick's Motion to Dismiss or Sever Cross-Claims ("Defendant mem.") at 3. The settlement dissolved, however, and on July 16,

1993, plaintiffs filed another amended complaint adding Peat Marwick as a defendant. In addition, defendants filed separate cross-claims against Peat Marwick.

On December 30, 1993, Judge Conboy dismissed all federal securities claims against Peat Marwick as time barred. This left common law fraud as plaintiffs' only remaining claim against Peat Marwick. Peat Marwick now moves to dismiss or sever both the common law fraud claim and the cross-claims of its co-defendants.

## DISCUSSION

### I. *State Fraud Claim*

### A. *Rule 9(b)*

Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)") provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." "The purpose of Rule 9(b) is threefold—it is designed to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike suit." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995) (quoting *O'Brien v. National Property Analysts Partners,* 936 F.2d 674, 676 (2d Cir.1991) (Leisure, J.)). Peat Marwick observes that Rule 9(b) is especially designed to protect the reputation of accountants and other professionals. *See* Peat mem. at 15.

■ In order to satisfy the requirements of Rule 9(b), plaintiffs must indicate which statements they believe to be false or deceptively incomplete and why they judge them to be false or incomplete, detail the time and place at which statements were made, and identify those charged with having made those statements. *See Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989); *Quantum Overseas, N.V. v. Touche Ross & Co.*, 663 F.Supp. 658, 666 (S.D.N.Y.1987). In other words, "[p]ursuant to Rule 9(b), an allegation of fraud 'should state the contents of the communications, who was involved, where and when they took place, and [explain] why they were fraudulent.' " *See Bay State Milling Company v. Terranova Bakers Supplies Corporation,* 871 F.Supp. 703, 706 (S.D.N.Y. 1995) (Leisure, J.) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175–76 (2d Cir.1993)).

■ In addition:

[a]lthough Rule 9(b) provides that intent and other conditions of mind may be averred generally, plaintiffs must nonetheless provide some factual basis for conclusory allegations of intent.... These factual allegations must give rise to a "strong inference" that the defendants possessed the requisite fraudulent intent.... A common method for establishing a strong inference of scienter is to allege facts showing a motive for committing fraud and a clear opportunity for doing so.... Where motive is not apparent, it is still possible to plead scienter by identifying circumstances indicating conscious behavior by the defendant.... though the strength of the circumstantial allegations must be correspondingly greater.

*Beck v. Manufacturers Hanover Trust Co.* 820 F.2d 46, 50 (2d Cir.1987), *cert. denied,* 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988), *overruled on other grounds by United States v. Indelicato,* 865 F.2d 1370 (2d Cir.), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 700 (1989) (citations omitted). In sum, the scienter requirement of Rule 9(b) may be satisfied in two ways. "The first approach is to allege facts establishing a motive to commit fraud and an opportunity to do so. The second approach is to allege facts constituting circumstantial evidence of either reckless or conscious behavior." *In re Time Warner Inc. Sec. Lit.*, 9 F.3d 259, 268–69 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1397, 128 L.Ed.2d 70 (1994).

■ In the instant action, there is little dispute that, except for the requisite scienter allegations, plaintiffs have met all of the requirements of Rule 9(b). Plaintiffs, however, do not allege that Peat Marwick knew of, participated in, or had a motive to participate in the alleged fraud. Absent either a factually supported allegation that Peat Marwick

had a motivation to defraud plaintiffs or an allegation of "conscious behavior" by Peat Marwick, plaintiffs must rely on allegations of facts constituting circumstantial evidence of reckless behavior. Accordingly, plaintiffs must allege facts sufficient to support a "strong inference" that Peat Marwick acted with the requisite intent, recklessness, to defraud plaintiffs. *See In re Time Warner* 9 F.3d at 268; *Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir.1987). Plaintiffs must plead facts and not just provide conclusory allegations which state the legal standard.[1]

Peat Marwick asserts that plaintiffs have not made the requisite showing. Peat Marwick notes that "[m]erely alleging that a professional has performed services for other defendants is an insufficient basis for inferring scienter." *Morin v. Trupin*, 711 F.Supp. 97, 110 (S.D.N.Y.1989). Peat Marwick maintains that the allegations made in the complaint, that it failed to comply with generally accepted auditing standards ("GAAS") and generally accepted accounting principles ("GAAP"), do not sufficiently allege the required scienter. It further contends that a mere failure to comply with auditing standards does not give rise to an action for fraud, and that plaintiffs' allegations, at most, sound in negligence.

Plaintiffs, on the other hand, maintain that they have fully satisfied Rule 9(b). They argue that they have adequately identified in the complaint the time, place, speaker and content of the alleged misrepresentations by Peat Marwick, such that Peat Marwick has been sufficiently apprised of the claims against it. Plaintiffs further contend that they have adequately alleged scienter. Plaintiffs note that, under New York law, recklessness constitutes sufficient scienter to support an inference of fraud. *See, e.g., Joel*

*v. Weber*, 1990 N.Y. Misc. LEXIS 691, at *6 (N.Y.Sup.Ct.1990); *Fidelity & Deposit Co. v. Arthur Andersen & Co.*, 131 A.D.2d 308, 515 N.Y.S.2d 791, 793 (1st Dep't 1987). Plaintiffs then aver that the complaint in the instant action more than adequately alleges facts which give rise to a strong inference of fraudulent intent.

The sections of the complaint that plaintiffs highlight to demonstrate the sufficiency of their fraud claims, however, merely allege that Peat Marwick failed to comport with GAAP and GAAS. *See* Plaintiffs' Memorandum of Law in Opposition to Peat's Motion to Dismiss ("Plaintiff mem.") at 18. "The ways in which Peat is alleged to have known or been recklessly indifferent to whether it grossly departed from GAAS and failed to comply with GAAP are detailed in paragraphs 123 through 135 of the Complaint." *Id.* These paragraphs, however, merely catalog the alleged deviations from the relevant professional standards, and then conclusorily state that the departures indicate Peat Marwick's knowledge or reckless indifference toward the purported material misrepresentations.

The complaint does little more than allege that Peat Marwick failed to take steps which it should have taken in the diligent and reasonable performance of its job, and that had those steps been taken, they would have brought to light the fraud that took place. Based on these allegations, plaintiffs assert that, at minimum, a strong inference of Peat Marwick's reckless indifference arises. Moreover, they claim that with the advent of this inference, the applicable pleading requirements for alleging scienter are met. This conclusion, avows plaintiffs, is strengthened by the continuity of Peat Marwick's conduct over a long period of time.[2]

1. *See, e.g., Chemical Bank v. Shearson Lehman Bros.*, 1992 WL 183760, at *2, 1992 U.S. Dist. LEXIS 10751, at *6 (S.D.N.Y.1992) ("Recklessness, however, is a conclusory allegation. Circumstances must be pled that provide a factual foundation for such a conclusory allegation."); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) ("the relaxation of Rule 9(b)'s specificity requirement for scienter must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.") (citations omitted); *see also Acito*, 47 F.3d at 52.

2. Defendants, in two pages, indicate their essential agreement with both the standard espoused by plaintiffs and plaintiffs' position that the standard was met by plaintiffs' allegations. *See* Defendant mem. at 7–9. Defendants' stance is unsurprising in light of the fact that defendants' cross-claims are largely derivatives of plaintiffs' claims and likely would be themselves inadequate if plaintiffs' allegations are insufficient.

Although this Court agrees with the test propounded by plaintiffs and defendants,[3] it disagrees with plaintiffs' and defendants' conclusion. This Court finds that plaintiffs have not sufficiently alleged facts showing that Peat Marwick's conduct was so highly unreasonable as to give rise to a strong inference of reckless indifference. Plaintiffs have not adequately alleged facts that demonstrate that Peat Marwick's conduct constitutes an extreme departure from the standards of ordinary care.

Reading the complaint in the light most favorable to plaintiffs, it can be construed to allege a serious departure from GAAS and GAAP. The complaint does not, however, suggest or otherwise give rise to an inference, let alone a strong inference, that Peat Marwick recklessly disregarded the deviance or acted with gross indifference towards the purported material misrepresentations contained in the audited financial statements.[4] Plaintiffs have alleged no facts, other than the purported departure itself, that would allow one to deduce that Peat Marwick acted with the requisite level of intent. This Court can not infer from a bare pleading of inappropriate conduct that such conduct was intended or was engaged in with reckless indifference. Such an inference would render meaningless the scienter requirement.

The Court concludes that it is not possible to deduce, from the facts alleged in plaintiffs' complaint, that Peat Marwick knew or was recklessly indifferent as to whether the representations in the financial statements that it was auditing were fraudulent. Rather, the complaint would, at most, lead one to conclude that Peat Marwick, in not conforming to GAAP and GAAS, was negligent. In so concluding, the Court notes that plaintiffs' conclusory statements regarding Peat Marwick's purported reckless indifference towards whether it grossly departed from GAAS and failed to comply with GAAP are inadequate. The facts that plaintiffs plead

give rise to an inference of negligence but not to the strong inference of recklessness that Rule 9(b) requires.

As a consequence, plaintiffs' common law fraud claim must be dismissed for failure to plead fraud with particularity, pursuant to Rule 9(b). Accordingly, this Court must grant Peat Marwick's motion to dismiss the common law fraud claim.

### B. Supplemental Jurisdiction

This Court, having dismissed plaintiffs' claims for failure to comport with the requirements of Rule 9(b), need not consider Peat Marwick's argument that the exercise of supplemental jurisdiction over plaintiffs' state law fraud claim is inappropriate.

## II. Cross–Claims

### A. Rule 9(b)

Defendants' cross-claims merely incorporate plaintiffs' allegations from the complaint. As a result, to the extent that plaintiffs' fraud claims against Peat Marwick fail to comply with the pleading requirements of Rule 9(b), so do defendants' cross-claims. However, defendants' note that plaintiffs have asserted claims against defendants for violations of Section 11 of the Securities Act of 1933 ("Section 11"), and defendants maintain that Rule 9(b) does not apply to Section 11 claims.

Section 11 provides in pertinent part:

**(a) Persons possessing cause of action; persons liable.** In case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security (unless it is proved that at the time of such acquisition he knew of such truth or omission) may either at law

---

**3.** "In order to comply with Rule 9(b), plaintiffs must also allege facts giving rise to a strong inference of fraudulent intent or scienter." Plaintiff mem. at 17. *See also Werner v. Satterlee, Stephens, Burke & Burke,* 797 F.Supp. 1196, 1207 (S.D.N.Y.1992).

**4.** *See Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 120–21 (2d Cir.1982) ("such recklessness must be conduct that is 'highly unreasonable,' representing 'an extreme departure' from the standards of ordinary care.... It must, in fact, approximate an actual intent to aid in the fraud being perpetrated by the audited company.")

or in equity, in any court of competent jurisdiction, sue ...

(f) **Joint and several liability.** All or any one or more or the persons specified in (a) shall be jointly and severally liable, and every person who becomes liable to make any payment under this section may recover contribution as in cases of contract from any person who, if sued separately, would have been liable to make the same payment, unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation.

15 U.S.C. § 77k(a), (f).

■ Section 11 creates an express right to contribution, upon which defendants may rely should they be liable to plaintiffs under Section 11. Peat Marwick contends that Rule 9(b) applies to Section 11, but the support it provides for its assertion is unpersuasive.[5] This Court finds that "[b]ecause proof of fraud is not necessary to prevail on a Section 11 claim ... Rule 9(b) does not apply to a Section 11 claim." *In re AnnTaylor Stores Sec. Litig.,* 807 F.Supp. 990, 1003 (S.D.N.Y.1992) (citing *Herman & MacLean v. Huddleston,* 459 U.S. 375, 382, 103 S.Ct. 683, 687, 74 L.Ed.2d 548 (1983); *see also Bernstein v. Crazy Eddie, Inc.,* 702 F.Supp. 962, 973 (E.D.N.Y.1988) ("[s]ection 11 violations need not be pleaded ... with the particularity required of fraud claims governed by Federal Rule of Civil Procedure 9(b)"); *In re Lilco Sec. Litig.,* 625 F.Supp. 1500, 1503 (E.D.N.Y.1986) ("as fraud is not required for a § 11 claim, it need not be pleaded pursuant to Rule 9(b)"); *Ross v. Warner,* 480 F.Supp. 268, 273 (S.D.N.Y.1979).

As a result, defendants' cross-claims are dismissed, except to the extent that they seek contribution, pursuant to Section 11.

B. *Rule 8*

■ This Court, having dismissed certain of defendants' cross-claims for failure to comport with the requirements of Rule 9(b), need only consider Peat Marwick's motion for failure to conform with the requirements of Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") to the extent that the motion affects the remaining Section 11 claim.

Rule 8 provides in pertinent part:

(a) **Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

Fed.R.Civ.P. 8.

Peat Marwick is entitled to fair notice of defendants' cross-claims and the grounds upon which they rest. *See Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Peat Marwick contends that defendants' cross-claims do not meet even this liberal pleading requirement. Defendants essentially assert that their cross-claims should be read to allege, *inter alia,* that they have a statutory right of contribution against Peat Marwick pursuant to Section 11.[6] Peat Marwick accurately asserts that none of the defendants specifically allege the legal grounds upon which it purports to hold Peat Marwick liable.

Nevertheless, this Court finds that defendants have met the liberal pleading require-

**5.** One case cited by Peat Marwick, *Moran v. Kidder Peabody & Co.,* 609 F.Supp. 661 (S.D.N.Y. 1985), discusses Section 12 rather than Section 11, does not pertain to contribution, and finds that the Section 12 claim in that case necessarily only sounded in fraud. In the instant action, defendants may be liable under Section 11, and consequently able to recover contribution from Peat Marwick, without scienter ever being established. The other cases cited by Peat Marwick are equally unavailing.

**6.** Each of the cross-claims, in fact, incorporates by reference fourteen paragraphs from plaintiffs' complaint and then alleges:

if plaintiffs herein recover a verdict against [defendants] for damages as claimed in the Complaint, such will have been brought about and caused by the actions of co-defendant Peat. Accordingly, if plaintiffs recover a verdict upon the trial of this matter against [defendants], co-defendant Peat is liable to [defendants] for all or part of any claims, damages and payments which it may be required to make under the Complaint.

*See, e.g.,* Answer of Jeffrey C. Walker to Plaintiffs' Second Amended Consolidated Class Action Complaint and Cross–Claims, dated September 22, 1993, at ¶ 202.

ment of Rule 8. Plaintiffs need only plead facts showing entitlement to relief and are not required to specify the legal theory upon which the claim is based. *See Baker v. Latham Sparrowbush Assoc.,* 808 F.Supp. 981, 989 (S.D.N.Y.1992). The cross-claims adopt by reference paragraphs from plaintiffs' complaint which elucidate Peat Marwick's purported role. Defendants' statement that Peat Marwick may be liable to defendants for all or part of plaintiffs' claims against defendants, is sufficient to place Peat Marwick on notice of defendants' claims for contribution against it. The cross-claims permit Peat Marwick to have a fair understanding of defendants' charges and to evaluate whether there is a legal basis for recovery. Accordingly, this Court finds that defendants' cross-claims adequately comply with the requirements of Rule 8.[7]

### C. *Severance*

■ This Court, having dismissed defendants' cross-claims for failure to comport with the requirements of Rule 9(b), need consider Peat Marwick's motion for severance only as regards the remaining Section 11 claim. This Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936). Rule 42(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim ...

Fed.R.Civ.P. 42(b).

In light of (1) the narrow range of claims against Peat Marwick that remain; (2) the amount of time Peat Marwick has had to prepare since being joined in the instant action; (3) the interrelatedness of the issues that Peat Marwick seeks to sever; and (4) the fact that severance will not substantially reduce the complexity and number of issues presented at trial, this Court finds that severance would not further convenience, avoid prejudice, or be conducive to expedition and economy. Accordingly, Peat Marwick's motion to sever should be denied.

### III. *Leave to Amend Pleading*

■ Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading by leave of the court, and directs that "leave shall be freely granted when justice so requires." The Second Circuit has interpreted Rule 15 to permit denial of a motion to amend "only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.' " *Richardson Greenshields Sec., Inc. v. Mui–Hin Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987) (quoting *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981)); *Tokio Marine and Fire Ins. Co. v. Employers Ins. of Wausau,* 786 F.2d 101, 103 (2d Cir.1986). "[A] court should deny leave to amend a pleading on grounds of futility only when the proposed amendment is clearly frivolous or advances a claim that is legally insufficient on its face." *Cashman v. Montefiore Medical Center,* 1993 WL 227700, at *2 (S.D.N.Y.1993) (Leisure, J.). Although this Court is skeptical of their ability to do so, it cannot conclude that it would be futile for plaintiffs to replead their dismissed claims or for defendants to replead their dismissed cross-claims. This Court further finds no indication of undue delay, prejudice or bad faith.

Accordingly, this Court grants plaintiffs leave to amend their complaint and grants

---

7. The Court notes that its conclusion is bolstered by the winnowing of issues that occurred as a result of the instant motion. Peat Marwick argues that it is entitled to pleadings which conform to Rule 8 in order to "prepare its defense and narrow issues for trial." Reply Memorandum of KPMG Peat Marwick in Further Support of its Motion (1) to Dismiss or Sever the Cross-Claims and (2) to Dismiss Plaintiffs' State Law Fraud Claim ("Peat reply") at 6. The only issue remaining in the instant action that affects Peat Marwick is defendants' Section 11 claim for contribution. Moreover, Peat Marwick itself argues that the bulk of its discovery still remains. Consequently, Peat Marwick is not prejudiced by the fact that defendants' cross-claims meet the Rule 8 requirements by only a slender margin.

defendants leave to amend their cross-claims in order adequately to allege fraud.

### IV. *Production of Documents*

■ Plaintiffs bring a motion to compel production from Peat Marwick of two categories of documents: (1) planning materials on Peat Marwick's (i) audit of In–Store's fiscal 1989 financial statements; (ii) reviews of In–Store's quarterly 1990 financial statements; and (iii) work performed in connection with In–Store's July 19, 1990 initial public offering of common stock; (2) documents relating to Peat Marwick's audit of In–Store's fiscal year-end 1990 financial statements. *See* Plaintiffs' Memorandum in Support of Motion to Compel Production of Documents from Defendant KPMG Peat Marwick ("Plaintiff Production mem.") at 1–2.

Certain defendants, the outside director and underwriter defendants, also seek to compel the production of some auditing documents from Peat Marwick. Specifically, they seek (1) Peat Marwick's audit programs, manuals, and related documents; and (2) Peat Marwick's workpapers for its 1990 audit of In–Store.

Peat Marwick has refused to produce the requested documents for essentially two reasons. It maintains that some of the documents are protected by a proprietary privilege, and that others are irrelevant to the instant action.

This Court, without reaching the merits of the motion, denies the instant motion for the production of documents for three reasons. First, this Court denies the motion in order to afford the parties the opportunity to reformulate their arguments, if necessary, in light of the recent decisions by this Court. Specifically, in a Memorandum Order, dated January 9, 1995, this Court denied plaintiffs' motion to reargue the Court's decision to dismiss as time barred plaintiffs' federal securities fraud claims against Peat Marwick. In addition, in the instant decision, this Court has dismissed, for failure to meet the requirements of Rule 9(b), plaintiffs' last remaining claim against Peat Marwick and all of defendants' cross-claims against Peat Marwick, except their Section 11 claim. In other words, there is no fraud claim stated against

Peat Marwick. This Court, however, has also denied Peat Marwick's motion to the extent that it sought severance of the claims against it. As a consequence, certain materials sought by plaintiffs or defendants may now no longer be necessary. Peat Marwick, however, is still a party to the instant action and must now abandon defenses contingent upon either its being dropped as a party or the claims against it being severed.

Second, Peat Marwick has consented to provide a number of the documents sought by both plaintiffs and defendants. Specifically, it has agreed to supply previously withheld materials from its 1989 audit workpapers and the first quarter 1990 review workpapers. *See* KPMG Peat Marwick's memorandum of Law in Opposition to Motions to Compel ("Peat Production mem.") at 2. Peat Marwick has further acquiesced to plaintiffs' and defendants' demand for certain of its 1990 audit workpapers. *Id.* at 3. Thus, it may be the case that the only documents still at issue are Peat Marwick's remaining 1990 audit workpapers and Peat Marwick's audit manuals. *Id.*

Third, this Court is confident that the parties, with a little guidance, will be able to resolve their remaining dispute without the aid of motion practice. The Court notes, however, that it does not reach the merits of either plaintiffs' or defendants' motions to produce documents, and it stands ready to act on a renewal of the instant motion, if such action proves necessary.

In order to facilitate the discovery process, and perhaps render unnecessary a further document production motion, the Court encourages the parties to negotiate with each other in an attempt to reach a compromise on what documents should be produced. In aid of that process, the Court notes that Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for broad discovery. "[I]nformation sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Accordingly, this Court is unpersuaded by Peat Marwick's arguments that the information requested is irrelevant to the instant

action.[8] The extent of discovery is not limited by what Peat Marwick believes to be at issue or not at issue in the instant litigation. Rather, it is governed by what is reasonably calculated to lead to the discovery of admissible evidence. Peat Marwick is in a weak position when it contends that its possible knowing departure from its own internal standards is irrelevant to the instant action. Its stance is equally precarious when it contends that papers produced after the class action period are necessarily irrelevant. The Court does not view requests for such documents as "fishing expeditions." *Cf. Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir.1992). Finally, the Court views with no small degree of skepticism Peat Marwick's protestations that some of the information requested is sensitive proprietary information. The Court observes that such sensitive documents would be subject to a confidentiality order to protect them from unauthorized disclosure.

## CONCLUSION

For the reasons stated above, Peat Marwick's motion to dismiss plaintiffs'' common law fraud claim is granted. Peat Marwick's motion to dismiss defendants' cross-claims is granted, except with respect to defendants' Section 11 claims. Peat Marwick's motion to sever the claims against it is denied. Finally, defendants' motion for the production of documents and plaintiffs' motion for the production of documents are denied without prejudice to plaintiffs' and defendants' ability to resubmit their motions, if necessary, after incorporating the results of this and other recent opinions concerning the instant litigation. The parties are advised to appear in Courtroom 1106 for a pre-trial status conference at 2:00 p.m. on March 17, 1995.

**SO ORDERED.**

---

**8.** For example, this Court agree with Judge Knapp's ruling, in *Fields v. Oliver's Stores, Inc.*, 1991 WL 44845 (S.D.N.Y. March 2, 1990) at *1, that an accounting firm's audit manuals and audit programs are relevant to how the firm conducted audits.