**Constantine STAMATIO, on behalf of himself and all others similarly situated, Plaintiffs,**

v.

**HURCO COMPANIES, INC., et al., Defendants.**

No. IP 94–308 C.

United States District Court, S.D. Indiana, Indianapolis Division.

July 18, 1995.

Peter G. Tamulonis, John B. Drummy, Kightlinger & Gray, Indianapolis, IN, Kenneth A. Jacobsen, Francis J. Farina, Chimicles Jacobsen & Tikellis, Haverford, PA, for plaintiffs.

Christopher G. Scanlon, Kevin M. Toner, Scott D. Himsel, Baker & Daniels, Indianap-

olis, IN, James A. McDermott, Anne N. De-Prez, Anne C. McGown, Barnes & Thornburg, Indianapolis, IN, for defendants.

## ENTRY ON MOTION TO RECONSIDER

BARKER, Chief Judge.

### I. PROCEDURAL BACKGROUND

In its previous entry,[1] the Court found that Plaintiff failed to adequately allege scienter on the part of Defendants and dismissed Counts I and II with prejudice pursuant to Fed.R.Civ.P.Rules 9(b) and 12(b)(6). Constantine Stamatio ("Stamatio" or "Plaintiff") now moves this Court to reconsider its judgment of April 12, 1995, or in the alternative to alter or amend the judgment and to amend his complaint pursuant to Rule 15(a). For the reasons stated below, the Court denies Plaintiff's motions to reconsider and to amend his complaint.

### II. DISCUSSION

#### A. Standards for Motion to Reconsider/Alter or Amend

A court will grant a motion to reconsider to "correct manifest errors of law or fact or present newly discovered evidence." *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985); *King v. Cooke,* 26 F.3d 720, 726 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1373, 131 L.Ed.2d 228 (1995). To bring a motion based upon "new" facts, plaintiff must establish that it could not have presented the newly discovered evidence "through the exercise of due diligence" until after the district court's initial decision. *DeBruyne v. Equitable Life Assur. Soc. of U.S.,* 920 F.2d 457, 471 (7th Cir.1990) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251

(7th Cir.1987), *modified on other grounds,* 835 F.2d 710 (7th Cir.1987)).

#### B. Scienter

##### 1. Scienter Allegations Against C & L

Plaintiff contends that his complaint adequately alleged a direct securities law violation against C & L. The vast majority of the cases hold that even after *Central Bank v. First Interstate Bank,* —— U.S. ——, 114 S.Ct. 1439, 1455, 128 L.Ed.2d 119 (1994), accountants can be held primarily liable under the applicable securities law.[2] *See In re Software Toolworks, Inc. Securities Litig.,* 38 F.3d 1078 (9th Cir.1994); *Melder v. Morris,* 27 F.3d 1097 (5th Cir.1994); *In re Faleck & Margolies, Ltd.,* No. 89 Civ. 8548, No. 90 Civ. 1356, 1995 WL 33631 (S.D.N.Y. Jan. 30, 1995), at *8; *see generally,* L. Loss & J. Seligman, *Fundamentals of Securities Regulation* (3d Ed.1995), at 1107; *cf. Vosgerichian v. Commodore Int'l.,* 862 F.Supp. 1371 (E.D.Pa.1994) (no primary liability for accountant); *In re Kendall Square Research Corp. Sec. Litig.,* 868 F.Supp. 26, 28 (D.Mass. 1994) (same).

▮ To state a primary violation of Rule 10b–5, Plaintiff must allege that the defendant made "(1) a misstatement or omission (2) of material fact; (3) with scienter; (4) in connection with the purchase or sale of securities; (5) upon which the plaintiff relied, and (6) that reliance proximately caused the plaintiff's injury. *See Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1331 (7th Cir. 1995); *Basic Inc. v. Levinson,* 485 U.S. 224, 231, 243, 108 S.Ct. 978, 983, 989, 99 L.Ed.2d 194 (1988); *Schlifke v. Seafirst Corp.,* 866 F.2d 935, 943 (7th Cir.1989). In our previous entry, we held that Plaintiff failed to allege the scienter element of its primary violation claims against all defendants adequately. In reaching our conclusion as to C & L, we noted that Plaintiff could satisfy the scienter element by alleging facts suggesting that C

---

1. *Stamatio v. Hurco Companies, Inc.,* 885 F.Supp. 1180 (S.D.Ind.1995).

2. In *Central Bank,* the Supreme Court noted: The absence of § 10(b) aiding and abetting liability does not mean that secondary actors in the securities markets are always free from liability under the securities Acts. Any person or entity, including a lawyer, accountant, or

bank, who employs a manipulative device or makes a material misstatement (or omission) on which a purchaser or seller of securities relies may be liable as a primary violator under 10b–5, assuming all of the requirements for primary liability under Rule 10b–5 are met. (emphasis in original).

& L had something to gain by covering up the alleged fraud or bilking the buyers/sellers of the securities in question. *See Robin v. Arthur Young & Co.,* 915 F.2d 1120, 1127 (7th Cir.1990), *cert. denied,* 499 U.S. 923, 111 S.Ct. 1317, 113 L.Ed.2d 250 (1991).[3] In the alternative, we acknowledged that Plaintiff could also satisfy the scienter requirement by adequately pleading facts suggesting recklessness. *See Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193–94 n. 12, 96 S.Ct. 1375, 1381 n. 12, 47 L.Ed.2d 668 (1976) (leaving open possibility that "in some circumstances" reckless behavior may be sufficient to support a 10b–5 claim); *Renovitch v. Kaufman,* 905 F.2d 1040, 1046 (7th Cir.1990).[4]

■ In his motion to reconsider, Plaintiff makes no attempt to contend that he satisfied the first method; and his additional allegations shed no light on what incentive, if any, C & L had to defraud Plaintiff by making a material misstatement or omission. Instead, Stamatio maintains that the Court failed to address his allegations that C & L knowingly failed to comply with generally accepted auditing standards (GAAS) and generally accepted accounting principles (GAAP), which in turn led to its issuing of an allegedly unqualified opinion. In essence, Plaintiff suggests that these allegations of C & L's deficient practices are sufficient to plead recklessness with particularity.

Contrary to Plaintiff's contention, the Court did consider his allegations of accounting misconduct and deemed them to be mere negligence allegations unactionable under the securities laws. *See Hochfelder,* 425 U.S. at 193, 214, 96 S.Ct. at 1380, 1391; *Aaron v. SEC,* 446 U.S. 680, 690, 100 S.Ct. 1945, 1952, 64 L.Ed.2d 611 (1980). Having examined Plaintiff's new allegations, arguments, and authorities, the Court is unpersuaded that its conclusion was erroneous. To plead recklessness adequately, a plaintiff must show that the alleged omission is:

> a highly unreasonable omission involving not merely simply, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or so obvious that the actor must have been aware of it.

*Sundstrand Corp. v. Sun Chem. Corp.,* 553 F.2d 1033, 1045 (7th Cir.), *cert. denied,* 434 U.S. 875, 98 S.Ct. 225, 54 L.Ed.2d 155 (1977). In *Robin v. Arthur Young & Co.,* 915 F.2d 1120, 1127 (7th Cir.1990), the Seventh Circuit further noted that:

> [w]hile reckless conduct may satisfy the scienter requirement, bare allegations that [the accounting firm] should have known or that its knowledge was due to a reckless disregard of the truth are not sufficient to turn a possible negligence or malpractice action into an action for securities fraud.... Plaintiffs must provide more than conclusory allegations to satisfy rule 9(b)'s requirement that the circumstances of the fraud be pleaded with particularity.

The Court finds that even taking all of Plaintiff's new allegations regarding C & L's deficient practices as true, Plaintiff has failed to plead facts showing that C & L was aware that its alleged omission would mislead buyers of the Hurco stock or that the alleged omissions in its January 15, 1993 audit report were so obvious that C & L must have been aware of them. Most of the allegations state that C & L would have had the appropriate knowledge of the inventory discrepancies had

---

3. Although *Robin* involved an aiding and abetting claim against an accountant, Plaintiff has demonstrated no principled reason for limiting its application only to that context. The mere fact that private actions under an aiding and abetting theory no longer exist under securities laws does not mean that such theories have no application in determining scienter under primary violations of the securities acts. *See Schlifke,* 866 F.2d at 946–47 (same degree of scienter required for both primary liability and liability based on cause of action for aiding and abetting). *Cf. Levine v. Prudential Bache Properties, Inc.,* 855 F.Supp. 924, 935 (N.D.Ill.1994)

(noting that "[w]hereas an aiding and abetting case naturally implicates the question of why the defendant would 'throw in his lot' with the primary violators ... that question does not automatically arise in cases involving only primary violators.").

4. The Court rejects Ninth Circuit's more lenient standard for alleging scienter, *see In re GlenFed, Inc. Securities Litigation,* 42 F.3d 1541, 1547 (9th Cir.1994), which does not represent the law of this circuit.

it followed the proper accounting standards. However, " '[t]he mere publication of inaccurate accounting figures, or a failure to follow GAAP, without more, does not establish scienter.' " *In re Software Toolworks, Inc.,* 50 F.3d 615, 627 (9th Cir.1994) (quoting *In re Worlds of Wonder Sec. Litig.,* 35 F.3d 1407, 1412 (9th Cir.1994)); *see also Melder v. Morris,* 27 F.3d 1097, 1103 (5th Cir.1994) ("The plaintiffs' boilerplate averments that the accountants violated particular accounting standards are not, without more, sufficient to support inferences of fraud."); *In re In–Store Advertising Sec. Litig.,* 878 F.Supp. 645, 648–49 (S.D.N.Y.1995) (holding that mere allegations of gross departure from GAAS and GAAP does not suffice for scienter requirement; conclusory allegations of reckless indifference were inadequate); *Malone v. Microdyne Corp.,* 26 F.3d 471, 479 (4th Cir.1994) (same).

We acknowledge that the Seventh Circuit has cautioned that it is not always appropriate to evaluate whether a complaint adequately states allegations of recklessness or merely states negligence allegations, *see Rankow v. First Chicago Corp.,* 870 F.2d 356, 367 (7th Cir.1989); *cf. Sanders v. John Nuveen & Co., Inc.,* 554 F.2d 790, 793 (7th Cir.1977) ("... the definition of 'reckless behavior' should not be a liberal one lest any discernible distinction between 'scienter' and 'negligence' be obliterated for these purposes. We believe 'reckless' in these circumstances comes closer to being a lesser form of intent than merely a great degree of ordinary negligence."); *see also Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 120–21 (2d Cir.1982) (the type of recklessness actionable must approximate an actual intent to aid in the fraud being perpetrated by the audited

company). However, in this case we are convinced that the allegations against C & L at most state a claim for negligence and are inadequate to meet the scienter requirement.[5] Plaintiff's motions to reconsider, alter and amend are accordingly denied as to Defendant C & L.

### 2. Scienter Allegations Remaining Defendants

With regard to the particularity of 10(b) and 10b–5 fraud allegations against Hurco and the Individual Defendants, the Court focuses solely on whether Plaintiff's complaint affords "a basis for believing that plaintiff[ ] could prove scienter." *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.), *cert. denied,* 498 U.S. 941, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990). In its previous analysis, the Court found that Plaintiff failed to answer the "why defraud" question other than with reasons deemed inadequate by other circuits. *See Acito v. Imcera Group, Inc.,* 47 F.3d 47, 53–54 (2d Cir.1995); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir.1994). In moving to reconsider, Plaintiff maintains that it need not answer the "why defraud" question so long as it alleged facts that would provide a basis for believing that Plaintiff could prove scienter at trial.

■ To set forth direct evidence of scienter, Plaintiff's complaint must "set forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." *Serabian v. Amoskeag Bank Shares, Inc.,* 24 F.3d 357, 361 (1st Cir.1994).[6] Such evidence would include facts showing that Hurco and the other defendants knew that its failure to

---

**5.** *See also Worlds of Wonder,* 35 F.3d at 1426 (plaintiff must plead that accounting practices "were so deficient that the audit amounted to no audit at all, or an egregious refusal to see the obvious, or to investigate the doubtful, or that the accounting judgments which were made were such that no reasonable accountant would have made the same decisions if confronted with the same facts.")

**6.** *See also Powers v. British Vita, P.L.C.,* 57 F.3d 176, 184 (2nd Cir.1995) ("A complaint may give rise to sufficient inference of fraudulent intent in two ways. First, the plaintiff may allege a motive for committing fraud and a clear opportunity

for doing so.... Second, where motive is not apparent, it is still possible to plead scienter by identifying circumstances indicating conscious behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater.") (citations omitted); *In re Time Warner Inc. Sec. Litig.,* 9 F.3d 259 (2d Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1397, 128 L.Ed.2d 70 (1994) (under one approach towards pleading scienter adequately, "plaintiff can allege facts constituting circumstantial evidence of either reckless or conscious behavior" from which an intent may be inferred).

report the special charge to inventory would affect the financial picture of the company projected to investors, the timing of the Defendants' knowledge of its failure to report, or any facts suggesting that Defendants purposefully withheld or concealed the inventory charges from the market.

■ Even accepting as true Plaintiff's allegations that Defendant knew that it had inventory problems stemming from the 1991 extensions of the VRAs, that fact standing alone does not show that Defendants knew that the statements in their prospectus or other representations were materially false or misleading at the time the material statements were made. Nothing suggests that Defendant had any knowledge of possible discrepancies in its accounting until its accounting in Fiscal Year 1993. *See* Complaint ¶ 63. The Court finds that Plaintiff has not alleged specific facts suggesting that Hurco sought to cover up its financial position from investors. We previously rejected the argument that the amount of time between Hurco's completion of its inventory and the announcement of its results could not support an inference of fraud. *See Kriendler v. Chemical Waste Management, Inc.,* 877 F.Supp. 1140 (N.D.Ill.1995). Finding no direct evidence of scienter and no additional grounds to find scienter via an indirect method, the Court denies Plaintiff's motions to reconsider, alter or amend.

### C. Control Person Liability

The Court has considered the allegations of Plaintiff's proposed amended complaint and finds that they fail to address the deficiency of the first complaint in terms of lumping the actions of the Individual Defendants together. Moreover, as we have not shifted from our view regarding primary liability, Plaintiff's secondary liability claims fail as a matter of law.

### D. Leave to Amend

Plaintiff makes several new allegations in his proposed amended complaint. In particular, he alleges that defendants failed to disclose that defendant Campbell had been dismissed from his position as Chief Financial officer because of incompetence and erroneous decisions. *See* Proposed Amended Complaint, at ¶ 47. In addition, Plaintiff alleges that the 1992 10–K failed to disclose that Campbell had been dismissed and that Campbell signed the 10–K despite his dismissal. *Id.,* at ¶ 53. Third, Plaintiff claims that defendant Wolf failed to disclose that he and other defendants knew that Hurco's new inventory tracking system had identified material discrepancies in Hurco's inventory system. *Id.* at ¶ 62. Fourth, Plaintiff raises allegations regarding a lawsuit filed against Hurco by Campbell. *Id.* at ¶¶ 81–84. Finally, Plaintiff makes sundry allegations regarding C & L's and the Individual Defendants' knowledge of the events giving rise to this lawsuit. *See e.g., Id.* at ¶¶ 102, 116. Having carefully considered the new allegations of the proposed amended complaint, the Court incorporates its analysis stated above and is unpersuaded that allowing Plaintiff to amend his complaint would materially cure the defects as to scienter or as to the controlling persons' liability. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir. 1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992) (finding that leave may be denied where amendment would be futile); *Acito,* 47 F.3d at 55 (same). Plaintiff's request for leave to amend is therefore denied.

### III. CONCLUSION

The Court denies the Plaintiff's motion to reconsider and or alter/amend its previous judgment. The Court also denies Plaintiff's motion to amend its complaint.

It is so ORDERED.