### In re LILCO SECURITIES LITIGATION.

#### No. CV 84–0588.

United States District Court, E.D. New York.

Jan. 14, 1986.

Arthur N. Abbey by Ralph Ellis, New York City, for plaintiffs Cohen & Schwartz.

Berger & Montague, P.C. by Sherrie R. Savett, Philadelphia, Pa., for plaintiffs Silver.

Milberg, Weiss, Bershad, Specthrie & Lerach by Sol Schreiber, New York City, for plaintiff Bronheim.

Shea & Gould, New York City, for Individual defendants.

Rosalind M. Gordon, Mineola, N.Y., for defendant LILCO.

Milbank, Tweed, Hadley & McCly, New York City, for defendant Underwriters.

Cravath, Swaine & Moore, New York City, for defendant Price Waterhouse.

WEXLER, District Judge.

Plaintiff shareholders of various classes and series of LILCO stock bring their actions, tentatively a proposed consolidated class action, against defendants LILCO, present and past corporate officers and directors (Individual Defendants), the twelve underwriters of certain offerings of stock (Underwriters), and Price Waterhouse, the accounting firm that certified certain public financial statements by LILCO. The defendants now move for dismissal of the First Amended and Consolidated Class Action Complaint (Complaint) in whole or in part for failure to state a claim, Rule 12(b)(6), failure to plead fraud with sufficient particularity, Rule 9(b), and insufficient pleadings, Rule 8(a). 28 U.S.C. Fed. R.Civ.P.

## THE CAUSES OF ACTION

The Complaint is 129 pages long and alleges eleven counts. Counts 1 to 7 allege violation of § 11 of the Securities Act of 1933, 15 U.S.C. § 77k. Each of these counts concerns a separate offering of stock, and the plaintiffs and defendants named in the counts vary. Count 8 alleges violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), by LILCO, the defendant officers, and the defendant insider directors. Count 9 alleges common law fraud against LILCO, the officers, and insider directors. Count 10 alleges common law negligent misrepresentation against all the defendants. Count 11 is a stockholder derivative claim under § 10(b).

## PRICE WATERHOUSE

The accounting firm of Price Waterhouse moves for dismissal on the ground that plaintiffs having alleged fraud in all counts against them must now particularize it as required by Rule 9(b), Fed.R.Civ.P., in Counts 1 to 7 (§ 11 claims). Price Waterhouse maintains the remaining Counts 8 to 10 also must be dismissed as deficient under Rule 9(b), and as failing to meet the minimum notice pleading requirement of Rule 8(a), Fed.R.Civ.P. Finally, defendant contends that Count 10 not only fails to give notice as required by Rule 8(a), Fed.R. Civ.P., but is unacceptable as to form.

A reading of the Complaint reveals that Counts 8 and 9 (alleging § 10(b) violation and common law fraud respectively) are asserted against defendants LILCO, the officers, and insider directors only (Complaint ¶¶ 183, 194). As Counts 8 and 9 have not been alleged against Price Waterhouse, their motion to dismiss those claims is unnecessary.

■ As to Counts 1 to 7 (§ 11 claims), the Court does not find that these claims against Price Waterhouse incorporate allegations of fraud. The problem appears to be that among the 102 paragraphs of the Complaint that precede the enumerated counts is a general allegation of fraud as to all defendants regarding all the acts com-

plained of (¶ 14). Counts 1 to 7 allege false statements and misrepresentations in particular prospectuses, annual reports, and other public statements of LILCO's financial condition. Fraud, however, is not a necessary element of a § 11 violation, and the Court will not read it into the statute or the Complaint. Rather, as the United States Supreme Court has explained, under § 11 of the 1933 Act, "If a plaintiff purchased a security issued pursuant to a registration statement, he need only show a material misstatement or omission to establish his *prima facie* case. Liability against the issuer of a security is virtually absolute, even for innocent misstatements." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 103 S.Ct. 683, 687, 74 L.Ed.2d 548 (1983). Therefore, as fraud is not required for a § 11 claim, it need not be pleaded pursuant to Rule 9(b) in Counts 1 to 7 of the Complaint.

■ Count 10 complains of common law negligent misrepresentation based on the allegations in the preceding 195 paragraphs. The Court notes that among those preceding claims are allegations of particular acts Price Waterhouse failed to perform, of specific accounting standards they failed to fulfill,[1] and of specific statements for which they lacked support. A straightforward reading of Count 10 leads the Court to conclude that plaintiffs state a claim against Price Waterhouse for negligent misrepresentation. The Court agrees that realleging paragraphs 1 to 195 is not the best of form. Nevertheless, as Count 10 is alleged against all the defendants and the Complaint is already quite lengthy, a balance must be struck between repetition for the sake of clarity and overwhelming redundancy. While it is not artfully drafted, it is clear that Count 10 as it applies to Price Waterhouse states that the claims outlined against them in Counts 1 to 7 also constitute claims for negligent misrepresentation under the common law. Under the circumstances, the pleading is sufficient for the purposes of Rule 8(a), Fed.R. Civ.P.

Accordingly, the Price Waterhouse defendant's motion to dismiss the Complaint is denied.

## THE UNDERWRITERS

■ Two groups of Underwriters are delineated in the Complaint. The first group, denominated Lead Underwriters, are Paine Webber, E.F. Hutton, Lehman Brothers, and Prudential Bache, who formed the principal and managing underwriters of the syndicate underwriting two 1982 public offerings of common shares and the public offerings of Series V and X preferred stock (¶ 12). The second group of eight investment banking firms underwrote the public offerings of Series W preferred stock and are called the Series W Underwriters (¶ 13). Together these are a purported Underwriter Class. Counts 2, 4, 5, and 7 allege violation of § 11 of the 1933 Act by the Lead Underwriters. The Series W Underwriters are named in Count 6 as violating § 11. All the Underwriters are included as defendants to the Count 10 charge of common law negligent misrepresentation. The Underwriters move for dismissal of the claims against them pursuant to Rules 9(b) and 12(b), Fed.R.Civ.P.

Specifically, the Underwriters echo the Price Waterhouse argument that since ¶ 14 of the Complaint, which precedes the enumerated counts, generally alleges a conspiracy and scheme to defraud the plaintiffs, fraud must be pleaded with particularity in the counts of the Complaint under Rule 9(b), Fed.R.Civ.P. Again, the Court will not read a fraud requirement into § 11. *See Herman & MacLean v. Huddleston*, 459 U.S. 379–87, 103 S.Ct. at 686–90. While proof of fraud in connection with an offering of a registered security will support an action under § 11, it is not necessary for maintaining the claim. *Id.*, 103 S.Ct. at 687. The plaintiffs here need not plead the particularized elements of fraud in order to maintain their § 11 claims against the defendant Underwriters.

---

1. Alleging specified instances of failure to follow generally accepted accounting principles is sufficient to plead fraud under Rule 9(b), Fed.R.

Civ.P. *Felton v. Walston and Co., Inc.*, 508 F.2d 577, 581–82 (2d Cir.1974).

■ Count 10 alleges negligent misrepresentation and inartfully incorporates all the preceding paragraphs, including the ¶ 14 allegations of fraud. Fraud requires proof of scienter, generally that means knowledge of the falsity of a representation or knowing that one does not have a basis for asserting the truth of a representation with the intention that another party rely on the representation. In contrast, negligence lacks the element of intention and does not require proof of scienter, but only a lack of due care. Accordingly, negligent misrepresentation is not a claim that necessitates the particularized pleading of Rule 9(b), Fed.R.Civ.P.

Therefore, the Underwriters' motion to dismiss the Complaint is denied.

### LILCO AND THE INDIVIDUAL DEFENDANTS

LILCO and the Individual Defendants ask that Counts 1 to 10 be dismissed as to them for failure to plead fraud with particularity in conformance with Rule 9(b), Fed. R.Civ.P. As the Court has previously discussed, Counts 1 to 7, alleging violation of § 11 of the Securities Exchange Act of 1933, do not require pleading fraud. *Herman & MacLean v. Huddleston,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983). Failure to plead fraud with particularity does not defeat the § 11 claims. Nor does the common law negligent misrepresentation claim of Count 10 require a particularization of fraud.

■ The Count 8 claim for violation of § 10(b) of the Securities Exchange Act of 1934 does require fraud. *Id.* The Second Circuit Court of Appeals outlined the elements necessary to state a claim under § 10(b) in its recent decision in *Goldman v. Belden,* 754 F.2d 1059 (2d Cir.1985). With respect to the requirements of Rule 9(b), Fed.R.Civ.P., the Court of Appeals held,

the Complaint adequately specified the statements it claimed were false or deceptively incomplete; it gave particulars as to the respect in which plaintiff contended the statements were fraudulent; it detailed the time and place at which the statements were made; and it identified the defendants charged with having made those statements, either directly or as controlling persons or aiders and abettors. There can be no doubt that the Complaint gives each defendant notice of precisely what he is charged with. No more is required by Rule 9(b). *See Denny v. Barber,* 576 F.2d 465, 469 (2d Cir. 1978).

754 F.2d at 1069–70. The Court of Appeals also observed that the adequacy of the Complaint under Rule 12(b) does not turn on an evaluation of the materiality of the alleged nondisclosures and misrepresentations. Rather, materiality in a § 10(b) claim is a mixed question of fact and law that is rarely a sound basis for dismissal pursuant to Rule 12(b)(6), Fed.R.Civ.P. 754 F.2d at 1067. Reading Count 8 and ¶ 14 of the Complaint in this case in the light of *Goldman v. Belden,* the Court concludes that the plaintiffs have adequately pleaded their § 10(b) claim against the defendants. Rules 9(b), 12(b)(6), Fed.R. Civ.P.

■ Count 9 of the Complaint alleges common law fraud as against LILCO, and the defendant corporate officers and insider directors. Count 9 generously reiterates all of the previous 192 paragraphs and pleads that they constitute fraud by LILCO and the Individual Defendants. Rule 9(b), Fed.R.Civ., requires detailed, not merely conclusory, allegations of fraud. Nonetheless, here Count 9 encompasses too many details; the pleading by including all that went before is overbroad. The Court earlier refused to read the element of fraud into the § 11 claims of Counts 1 to 7. It will not now read fraud into those claims, deem it particularized, and call them Count 9. The Court determines that Count 8 adequately pleads fraud. Therefore, the Court now deems the Count 9 claim for common law fraud is limited to the particularized acts pleaded in Count 8, unless the plaintiffs amend Count 9, in conformance with Rule 9(b), to include other specific instances of fraud by some or all of the Individual Defendants and LILCO. The plaintiff has leave to so amend within a reasonable time before the close of discovery.

■ Finally, these defendants assert that this Court lacks jurisdiction over the

Count 9 and 10 state law claims. Where the district court has jurisdiction over the federal claims, 15 U.S.C. §§ 77k, 78j, it may properly assume jurisdiction over the pendent state claims arising from a common nucleus of operative facts. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–27, 86 S.Ct. 1130, 1138–40, 16 L.Ed.2d 218 (1966). The Complaint in this case specifically reiterates the facts in support of the federal claims as the basis for the state law claims. There can be little dispute that the plaintiffs seek to assert state law claims derived from facts forming the nucleus of the federal questions in the case. Accordingly, the Court concludes that it has pendent jurisdiction over the state law claims.

LILCO and the Individual Defendants' motion to dismiss the Complaint is denied.

### CONCLUSION

The Court concludes that although fraud must be pleaded with particularity, Rule 9(b), Fed.R.Civ.P., it is not a requisite for stating a claim under § 11 of the Securities Exchange Act of 1933, 15 U.S.C. § 77k. While ¶ 14 of the Complaint might be read as seeding fraud throughout the enumerated counts of the Complaint, the Court declines to read it into claims that are legally sufficient without it. Accordingly, Counts 1 to 7 are adequately pleaded.

Count 8, pleading violation of § 10(b) of the Securities Exchange Act of 1934, is also adequately pleaded and particularized in conformance with Rule 9(b), Fed.R.Civ.P.

The Count 9 common law fraud claim against LILCO and the Individual Defendants is drafted overbroadly and the Court deems it limited to the specifics of Count 8. Rules 9(b) and 8(a) require that a fraud claim be drawn to give defendants sufficient notice of the specific instances of fraud alleged against them. As Count 9 stands now, it is all-inclusive and thus fails to give particularized notice. Plaintiffs have leave to amend Count 9 within a reasonable time before the close of discovery if they wish to allege instances of fraud not included in Count 8. They need not repeat sections of the Complaint word for word, but may refer to particular paragraphs of the Complaint so long as they conform to the requirements of Rules 8(a) and 9(b), Fed.R.Civ.P.

Count 10, though not artfully drafted, is sufficiently pleaded under Rule 8(a), Fed.R. Civ.P. It does not require particularized pleadings of fraud. As to Counts 9 and 10, the Court properly assumes pendent jurisdiction, as the state claims derive from a nucleus of facts in common with the federal claims.

The defendants' motions to dismiss the Complaint pursuant to Rules 8(a), 9(b), and 12(b)(6), Fed.R.Civ.P., are denied.

SO ORDERED.