**In re SIRROM CAPITAL CORPORATION SECURITIES LITIGATION.**

**No. 3–98–0643.**

United States District Court,
M.D. Tennessee,
Nashville Division.

June 2, 1999.

---

Stanley M. Chernau, Nashville, TN, Robert Paul Sugarman, New York City, Vincent R. Cappucci, New York City, Robert G. Chaffin, Nashville, TN, George E. Barrett, Nashville, TN, Steven E. Cauley, Little Rock, AR, Leo W. Desmond, W. Palm Beach, FL, for plaintiff.

Robert J. Walker, Nashville, TN, John C. Hayworth, Nashville, TN, for defendant.

## MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court are Defendants' Motion to Dismiss and for Partial Summary Judgment (Docket No. 34); Plaintiffs' Motion for Leave to Take Discovery or, in the Alternative, to Strike Defendants' Motion for Partial Summary Judgment (Docket No. 48); and Defendants' Request for Oral Argument (Docket No. 53).

For the reasons stated herein, Defendants' Motion to Dismiss (Docket No. 34) is GRANTED in part and DENIED in part. Plaintiff's Section 12(a)(2) claims against Defendants Resha and Harris are DISMISSED. Defendants' Motion for Partial Summary Judgment (Docket No. 34) is DENIED. Plaintiffs' Motion for Leave to Take Discovery or, in the Alternative, to Strike Defendants' Motion for Partial Summary Judgment (Docket No. 48) is DENIED as moot; and Defendants' Request for Oral Argument (Docket No. 53) is DENIED.

## FACTS

This is a federal securities class action brought on behalf of persons who purchased or otherwise acquired the common stock of Sirrom Capital Corporation ("Sirrom") between January 20, 1998, and July 9, 1998, inclusive. Plaintiffs allege claims under the Securities Act of 1933 [15 U.S.C. §§ 77k, 77l(2) and 77o]; under the Securities Exchange Act of 1934 [15 U.S.C. §§ 78j(b) and 78t(a)]; and under Rule 10b–5 promulgated by the Securities and Exchange Commission [17 C.F.R. § 240.10b–5], particularly with regard to Sirrom's Registration Statement ("the Registration Statement") and Prospectus ("the Prospectus") issued in connection with a secondary offering on or about March 5, 1998. Plaintiffs have sued Sirrom and six individual Defendants who allegedly served as officers and "controlling persons" of Sirrom.

Specifically, Plaintiffs allege the following claims against Defendants:

(1) Violation of Section 11 of the Securities Act of 1933 for material misrepresentations and omissions in Sirrom's Registration Statement and Prospectus;

(2) Violation of Section 12 of the Securities Act of 1933 for material misrepresentations and omissions in the Prospectus;

(3) Violation of Section 15 of the Securities Act of 1933 by the individual Defendants as "controlling persons" who allegedly violated Sections 11 and 12, as indicated above;

(4) Violation of Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b–5 promulgated thereunder by an alleged fraudulent scheme to defraud, deceive and mislead the investing public; and

(5) Violation of Section 20(a) of the Securities and Exchange Act of 1934 by the individual Defendants as "controlling persons" who allegedly violated Section 10b and Rule 10b–5.

Plaintiffs seek certification as a class, compensatory damages, costs and attorneys' fees.

Defendants have filed a Motion to Dismiss, arguing that this case should be dismissed for nine reasons. Defendants also seek partial summary judgment on the issue of whether Sirrom's accounting procedures comply with generally accepted accounting principles ("GAAP").

## MOTIONS TO DISMISS

In considering a motion to dismiss, the court must accept as true all factual allegations in the complaint. *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), *cert. denied*, 511 U.S. 1128, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F.Supp. 1229, 1232 (S.D.Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993).

In deciding a motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. *City of Toledo v. Beazer Materials and Services, Inc.*, 833 F.Supp. 646, 650 (N.D.Ohio 1993). The district court is without authority to dismiss claims unless it can be demonstrated beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Id.*

## FAILURE TO PLEAD FRAUD WITH PARTICULARITY

Defendants first assert that Plaintiffs' claims should be dismissed, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, for failure to plead fraud with particularity. The Rule requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Fed.R.Civ.P. 9(b).

The Court must first determine which, if any, of Plaintiff's claims are "averments of fraud," subject to Rule 9(b). Plaintiffs contend that Rule 9 does not apply to their claims under Sections 11 and 12 of the Securities Act of 1933, since those claims specifically do not deal with fraud. *See* Consolidated Amended Class Action Complaint (Docket No. 30), ¶¶ 107 and 118 (incorporating all previous allegations except those that may be interpreted to sound in fraud).

*SECTION 11 AND SECTION 12 CLAIMS*

■ A number of courts have held that the particularity requirement of Rule 9(b) does not apply to Section 11 and Section 12 claims because proof of fraud or mistake is not a prerequisite to establishing liability under those statutes. *See, e.g., In re Consumers Power Co. Securities Litigation*, 105 F.R.D. 583, 594 (E.D.Mich. 1985); *Ross v. Warner*, 480 F.Supp. 268, 273 (S.D.N.Y.1979); *In re NationsMart Corp. Securities Litigation*, 130 F.3d 309, 314 (8th Cir.1997), *cert. denied*, 524 U.S. 927, 118 S.Ct. 2321, 141 L.Ed.2d 696 (1998). To establish a prima facie case under Section 11, a plaintiff need only show that he bought the security and that there was a material misstatement or omission in the registration statement. *Id.* at 315. Similarly, to establish a claim under Section 12, once he established privity with a seller, a plaintiff need prove only that there was a material misstatement or omission in the prospectus or oral communication. *Id.* at 318.

"The liability of the issuer of a materially misleading registration statement is 'virtually absolute, even for innocent misstatements.'" *NationsMart*, 130 F.3d at 315 (quoting *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382, 103 S.Ct. 683, 687, 74 L.Ed.2d 548 (1983)). Because neither Section 11 nor Section 12 requires proof of fraud for recovery, Plaintiffs were not re-

quired to have pleaded fraud in connection with their Sections 11 and 12 claims.

Defendants argue that Plaintiff's Sections 11 and 12 claims are grounded or based in fraud and, therefore, fall under Rule 9(b). A number of courts have stated that when claims alleging material misstatement or omission in a registration statement are grounded in fraud, those claims must state with particularity the circumstances constituting the alleged fraud. *See, e.g., In re Stac Electronics Securities Litigation,* 89 F.3d 1399, 1404–05 (9th Cir.1996); *Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co.,* 940 F.Supp. 1101, 1115 (W.D.Mich.1996) ("Rule 9(b) also applies to § 11 and § 12(2) claims under the Securities Act to the extent they are grounded in fraud rather than negligence."); *Shapiro v. UJB Financial Corp.,* 964 F.2d 272, 288 (3d Cir.), *cert. denied,* 506 U.S. 934, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992) (when § 11 and § 12(2) claims are grounded in fraud rather than negligence, Rule 9(b) applies).

Only a defendant facing the particular threat posed by an accusation of fraud may invoke the protections of Rule 9(b). *Consumers Power,* 105 F.R.D. at 595. That court found that because the plaintiffs specifically separated out their § 11 claims into distinct counts at the end of the complaint, the allegations of fraud did not "convert or contaminate the separate § 11 claims." *Id.* at 594.

In *NationsMart,* the plaintiffs made clear that they did not allege, in the context of their Section 11 claim, that the defendants were liable for fraudulent or intentional conduct. *NationsMart,* 130 F.3d at 315. Even if they had, stated the court, any such allegation would be mere surplusage:

> The only consequence of a holding that Rule 9(b) is violated with respect to a § 11 claim would be that any allegations of fraud would be stripped from the claim. The allegations of innocent or negligent misrepresentation, which are at the heart of a § 11 claim, would survive. The plaintiffs' case should not have been dismissed because they alleged more than was necessary to recover under § 11 of the Securities Act. *Id.*[1]

Here, Plaintiffs' Section 11 claims do not mention fraud, except to expressly exclude any allegations which might sound in fraud. *See* Docket No. 30, ¶¶ 107–127. Plaintiffs speak in terms of Defendants' failure to make a reasonable investigation or possess reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true. Docket No. 30, ¶ 113. Since fraud is not a necessary element of a Section 11 claim, and the Court cannot read it into the statute, it need not be pleaded pursuant to Rule 9(b) in Plaintiffs' Section 11 claim. *See In re LILCO Securities Litigation,* 625 F.Supp. 1500, 1503 (E.D.N.Y.1986); *First Merchants Acceptance Corp. Securities Litigation,* 1998 WL 781118 at *11, n. 6 (N.D.Ill. Nov.4, 1998) ("It is illogical to require plaintiffs to plead more than they would have to prove to succeed on a § 11 claim standing alone.").

■ Based upon these authorities, the Court finds that Rule 9(b) does not apply

---

1. The court in *NationsMart* declined to find that the plaintiffs' Sections 11 and 12 claims were grounded in fraud and, therefore, subject to Rule 9(b) for two reasons: (1) the complaint had expressly disavowed any claim of fraud in connection with the Section 11 and Section 12 counts; and (2) "a pleading standard which requires a party to plead particular facts to support a cause of action that does not include fraud or mistake as an element comports neither with Supreme Court precedent nor with the liberal system of 'no-tice pleading' embodied in the Federal Rules of Civil Procedure." *NationsMart,* 130 F.3d at 315; *see also In re First Merchants Acceptance Corp. Securities Litigation,* 1998 WL 781118 at *11–12 (N.D.Ill. Nov.4, 1998); *but see Hershey v. MNC Financial, Inc.,* 774 F.Supp. 367, 376 (D.Md.1991) ("Rule 9(b) applies to 'all averments of fraud.' Its application should depend on the substance of a plaintiff's allegations, not upon the guise in which he portrays them.").

to Plaintiffs' Section 11 and Section 12 claims (First and Second Claims). Even if it did, however, as found by the *Nations-Mart* court, above, the remedy would be to strip any allegations of fraud from the claims. Accordingly, Plaintiffs will not be allowed to allege or attempt to prove fraud in connection with their Section 11 and Section 12 claims. Defendants' Motion to Dismiss on this ground is DENIED.

*SECTION 10(b) AND RULE 10b–5 CLAIMS*

■ To establish a private claim for damages under Rule 10b–5, Plaintiffs must prove the following: (1) the use of jurisdictional means (2) to carry out a deceptive or manipulative practice with the requisite scienter, (3) in connection with (4) the purchase of sale (5) of a security (6) causing (7) damages. *City of Painesville, Ohio v. First Montauk Financial Corp.,* 178 F.R.D. 180, 186 (N.D.Ohio 1998).

■ The parties do not dispute that Rule 9(b) applies to Plaintiffs' Section 10(b) and Rule 10b–5 claims. To satisfy the requirements of Rule 9(b), a complaint alleging fraud or misrepresentation must (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. *City of Painesville,* 178 F.R.D. at 188. A plaintiff must, at a minimum, allege the time, place and contents of the misrepresentations upon which he relied. *Id.; see also Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993).

The particularity requirements of Rule 9(b) serve three purposes: (1) to ensure that fraud allegations are concrete enough to give defendants fair notice of the grounds of the complaint; (2) to protect defendants' reputations or goodwill from the harm that comes from being accused of serious wrongdoing; and (3) to inhibit the filing of complaints that are a pretext for the discovery of unknown wrongs or that are groundless claims designed to coerce a settlement out of defendants who wish to avoid the time and expense of defending themselves. *Consumers Power,* 105 F.R.D. at 591.

The particularity requirement of Rule 9(b) must, however, be read in conjunction with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a short and plain statement of a claim. *Id.* Also, Rule 9(b) does not require plaintiffs to plead detailed evidentiary matters. *Id.*

The Private Securities Litigation Reform Act of 1995 ("Reform Act") requires that where a party alleges fraud due to misstatements of fact, that party must specify each statement and describe why the statement was misleading. *City of Painesville,* 178 F.R.D. at 187; 15 U.S.C. § 78u–4(b).[2]

■ If the allegation regarding the statement or omission is made on information and belief, the complaint must state with particularity all facts on which that belief is formed. *Id.; see also Havenick v. Network Express, Inc.,* 981 F.Supp. 480, 526 (E.D.Mich.1997). Generally, allegations based on information and belief fail to satisfy the particularity requirement of Rule 9(b). *Consumers Power,* 105 F.R.D. at 591. However, an exception to this rule exists for matters that are peculiarly within the knowledge of the opposing party. *Id.*

■ Defendants contend, among other things, that Plaintiffs have failed to specify particular actions or omissions of the particular defendants. Where a plaintiff identifies a defendant as a member of a group, however, and sues on the basis of fraud in documents that are the collective product of the group, then Rule 9(b) is satisfied. *Consumers Power,* 105 F.R.D. at 593. "It thus appears that a plaintiff suing a group of defendants who allegedly committed a

---

**2.** One district court has stated that Section 78u–4(b) of the Reform Act does nothing more than expand existing Rule 9(b) pleading requirements. *Havenick v. Network Express, Inc.,* 981 F.Supp. 480, 524 (E.D.Mich.1997).

variety of distinct fraudulent acts must specify which defendant is alleged to have done what act. .However, when a plaintiff sues individual group members on the basis of the collective product of the group, specific allegations about the role each defendant are unnecessary." *Id.*

Here, Plaintiffs contend that the individual Defendants were all "controlling persons" of Sirrom and that each of the individual Defendants was a senior officer and/or director of Sirrom. Docket No. 30, ¶¶ 12–13. Plaintiff also allege that each of the individual Defendants controlled the contents of Sirrom's quarterly and annual reports, press releases and presentations to securities analysts and that each individual Defendant participated in the preparation, review and/or filing of the reports and SEC filings alleged to be false. *Id.,* ¶ 13.

■ The Court finds the allegations against the group of individual Defendants to be specific enough to withstand a motion to dismiss. If, after discovery, Defendants can prove that Plaintiffs' allegations as to "controlling persons" or the roles of the individual Defendants are false, such may be an appropriate subject for summary or partial summary judgment.

Having reviewed the Complaint, in the light most favorable to the Plaintiffs and in light of the applicable standards set forth above, the Court finds that Plaintiffs have sufficiently met the particularity requirements of Rule 9(b) and 15 U.S.C. § 78u–4(b).

Defendants also argue that Plaintiffs have not alleged facts giving rise to a strong inference of scienter on the part of any Defendant. To support a Section 10(b) and Rule 10b–5 claim, Plaintiffs must show that Defendants acted with "scienter;" that is, with intent to deceive, manipulate or defraud. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 194, 96 S.Ct. 1375, 1381, 47 L.Ed.2d 668 (1976). When the Reform Act was passed in 1995, it added a new section, as noted above, which requires that the complaint in a securities case must state with particularity facts

giving rise to a strong inference that the Defendants acted with the required state of mind. 15 U.S.C. § 78u–4(b)(2).

Courts since 1995 have divided on what is required to sufficiently plead a strong inference of scienter under 15 U.S.C. § 78u–4(b)(2). *Compare, e.g., City of Painesville,* 178 F.R.D. at 187–88 and *Sturm v. Marriott Marquis Corp.,* 26 F.Supp.2d 1358 (N.D.Ga.1998) *with In re Comshare, Inc. Securities Litigation,* 1997 WL 1091468 (E.D.Mich. Sept.18, 1997) and *Morse v. McWhorter,* 1998 U.S. Dist LEXIS 19053 (M.D.Tenn. June 30, 1998).

Plaintiffs argue, and some courts have held, that the standard put forth by the Second Circuit Court of Appeals prior to the Reform Act [*see, e.g., In re Time Warner, Inc. Securities Litigation,* 9 F.3d 259, 269 (2d Cir.1993) and *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 52 (2d Cir.1995) ] still applies under that Act. That standard required either (1) alleging facts to show defendants had both motive and opportunity to commit fraud, or (2) alleging facts that constitute strong circumstantial evidence of reckless or conscious misbehavior. *In re Time Warner,* 9 F.3d at 269.

Numerous courts within the Sixth Circuit have found that the Reform Act expanded or heightened the Second Circuit standard. In the Eastern District of Michigan, for example, the court found, relying upon the Reform Act's legislative history, that it is not enough to plead recklessness or motive and opportunity in order to establish scienter under Section 10(b) and Rule 10b–5. *Comshare,* 1997 WL 1091468 at * 6. Rather, that court held that under the requirements of the Reform Act, plaintiffs must plead specific facts that create a strong inference of knowing misrepresentation on the part of the defendants. *Id.; see also Havenick,* 981 F.Supp. at 482; *but see Picard Chemical,* 940 F.Supp. at 1125 (adopting 9th Circuit standard of averring scienter generally by simply declaring that scienter exists).

Magistrate Judge Haynes of this Court has found that the Reform Act heightened

the pleading standard for securities claims. In *Morse*, the Court agreed with *Comshare* that the legislative history of the Reform Act clearly reveals Congress' intention to heighten the pleading requirements for securities claims and held that plaintiffs must plead specific facts that create a strong inference of knowing misrepresentation. *Morse*, 1998 U.S. Dist. LEXIS 19053 at * 63.

■ This Court agrees with *Comshare* and *Morse* that the legislative history is clear: "Because the Conference Committee intends to strengthen existing pleading requirement, it does not intend to codify the Second Circuit's case law interpreting this pleading standard." H.R.Conf.Rep. No. 104–369 at 41 (1995) (*cited in Comshare*, 1997 WL 1091468 at *5–6). Thus, the Court has evaluated whether Plaintiffs here have pled specific facts that create a strong inference of knowing misrepresentation.

■ Having reviewed the Complaint, in the light most favorable to the Plaintiffs and in light of the applicable standards set forth above, the Court finds that Plaintiffs have sufficiently pled specific facts that create a strong inference of knowing misrepresentation. Defendants' Motion to Dismiss on this issue is DENIED.

### FAILURE TO STATE A CLAIM

#### CLAIMS OF MISMANAGEMENT

Defendants contend that Plaintiffs' allegations are merely claims of mismanagement and, thus, are not actionable. The Supreme Court has found that Congress, by Section 10(b), did not intend to regulate transactions which constitute no more than internal corporate mismanagement. *Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479, 97 S.Ct. 1292, 1304, 51 L.Ed.2d 480 (1977). The Court held that claims of corporate mismanagement and breach of fiduciary duty, without more, are not actionable under the federal securities laws. *Id.* This Court must determine, therefore, whether Plaintiffs' allegations constitute more than corporate mismanagement.

■ A complaint does allege an actionable misrepresentation if it alleges that a defendant was aware that mismanagement had occurred and made a material public statement about the state of corporate affairs inconsistent with the existence of the mismanagement. *Hayes v. Gross*, 982 F.2d 104, 106 (3d Cir.1992). Here, Plaintiffs allege not merely that loans were overvalued and not timely written down; Plaintiffs also contend that Defendants "made affirmative representations inconsistent with the state of corporate affairs they knew to exist." *See Hayes*, 982 F.2d at 106.

In *Santa Fe*, the Court held that a claim for mismanagement is not actionable if the wrongdoing was not accompanied by any deception, misrepresentation or nondisclosure of material facts. *Santa Fe*, 430 U.S. at 476, 97 S.Ct. at 1302. Plaintiffs here do assert deceptive conduct, misrepresentations and nondisclosure of material facts.

■ For example, Plaintiffs assert that Defendants made false and misleading statements in a January 20, 1998 press release, including false assertions concerning income and shareholder equity and the value and increase in the size of Defendants' loan portfolio. *See* Docket No. 30, ¶ 37. Those statements are affirmative representations which, if proven false, as Plaintiffs allege, are actionable under the securities laws.

Similarly, Plaintiffs aver that Defendants made false and misleading statements in their March 5, 1998 Prospectus, including false assertions concerning income and the value of the loan portfolio, the number and value of problem loans, and Defendants' lending procedures and controls. *See* Docket No. 30, ¶¶ 40–51. Again, these statements are affirmative representations which, if proven false, as Plaintiffs allege, are actionable under the securities laws. Plaintiffs make similar allegations concerning affirmative statements in Defendants' March 31, 1998 Form 10–K; an April 15, 1998 press release; Defendants' May 13, 1998 Form 10–

Q; and a June 5, 1998 Wheat First Union report.

Thus, the Plaintiffs have specifically identified affirmative statements by Defendants which Plaintiffs contend were false and/or misleading and were known by Defendants to be false and misleading. The Court finds that Plaintiffs have asserted more than mere corporate mismanagement in this case.

Accordingly, Plaintiffs have stated a claim under Section 10(b) and Rule 10b–5. "While it may well turn out, as [Defendants] maintain, that the contested statements are neither material nor misleading when considered in context, that is a determination better made on the kind of record which a motion for summary judgment affords." *Wells Fargo Securities Litigation,* 12 F.3d 922, 930 (9th Cir.), *cert. denied,* 513 U.S. 917, 115 S.Ct. 295, 130 L.Ed.2d 209 (1994).

■■■ Even though the securities laws do not guarantee sound business practices and do not protect investors against reserves [*DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.), *cert. denied,* 498 U.S. 941, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990) ], the deliberate failure to recognize problem loans, thus understating the reserve, constitutes an actionable omission or misrepresentation of existing fact which cannot be dismissed as a mere matter of internal mismanagement, unsound business practice or poor accounting judgment. *Wells Fargo,* 12 F.3d at 926. "[W]e do not believe that the broad corporate management exclusion from § 10(b) and Rule 10b–5, set forth in *Santa Fe,* is implicated when plaintiffs allege specific misrepresentations or material nondisclosures in violation of the federal securities laws." *Id.* at 927.

The Third Circuit Court of Appeals has stated:

[M]ere failure to provide adequate reserves (or to perform competently other management tasks) does not implicate the concerns of the federal securities laws and is not normally actionable. Similarly, if a defendant has not commented on the nature and quality of the management practices that it has used to reach a particular statement of loan loss reserves, earnings, assets, or net worth, it is not a violation of the securities laws to fail to characterize these practices as inadequate, meaningless, out of control or ineffective. . . .

However, where a defendant affirmatively characterizes management practices as "adequate," "conservative," "cautious," and the like, the subject is "in play." For example, if a defendant represents that its lending practices are "conservative" and that its collateralization is "adequate," the securities laws are clearly implicated if it nevertheless intentionally or recklessly omits certain facts contradicting these representations. Likewise, if a defendant characterizes loan loss reserves as "adequate" or "solid" even though it knows they are inadequate or unstable, it exposes itself to possible liability for securities fraud. *By addressing the quality of a particular management practice, a defendant declares the subject of its representation to be material to the reasonable shareholder, and thus is bound to speak truthfully.*

*Shapiro,* 964 F.2d at 281–82 (emphasis added).

As indicated above, Defendants chose to make affirmative statements concerning the financial health of Sirrom. Thus, they were bound to speak truthfully.

For all these reasons, the Court finds that the allegations of Plaintiffs' Complaint, if true, constitute more than mere mismanagement and Defendants' Motion to Dismiss on this ground is DENIED.

*THE WHEAT REPORT*

Defendants argue that the comments and opinions of Defendant Miller, set forth in the Wheat Report and alleged by Plaintiffs to be false, are statements of vague optimism and not actionable. The specific allegedly false statements reported in the June 8, 1998 Wheat First Union report

and allegedly attributable to Defendant Miller are:

(1) that he is very comfortable with analysts' earnings projections;

(2) that he thinks Sirrom is well positioned to produce at least 25% annual EPS growth over the three- to five-year period subsequent to 1998;

(3) that he believes that Sirrom's balance sheet is as healthy as it has ever been and capital gains from SIR's warrant and equity positions in its portfolio companies will remain more than enough to offset credit losses; and

(4) that he is quite comfortable with Sirrom's current ratio of gross loans on credit watch to total loans (7.8%) and that this ratio is well within management's "normal" range of 6% – 10%.

See Docket No. 30, ¶ 77.

Courts have held that vague expressions of optimism as to future performance are mere "puffing" and are not actionable under the securities laws. *Alfus v. Pyramid Technology Corp.*, 745 F.Supp. 1511, 1519 (N.D.Cal.1990). The Supreme Court has held that statements of opinion by top corporate officials may be actionable, however, if they are made without a reasonable basis. *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 111 S.Ct. 2749, 115 L.Ed.2d 929 (1991) (*cited in Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1428 (3d Cir.1997)).

■ The Sixth Circuit Court of Appeals has held that material statements which contain the speaker's opinion are actionable under Section 10(b) if the speaker does not believe the opinion and the opinion is not factually well-grounded. *Mayer v. Mylod*, 988 F.2d 635, 639 (6th Cir.1993) (citing *Virginia Bankshares*). Whether the statements are true or false is not an issue to be decided on a motion to dismiss. *Mayer*, 988 F.2d at 639. "These assertions are sufficient for purposes of Rule 12(b)(6) because material statements of opinion, if not truly believed and not supported by available facts, are actionable under Section 10(b) of the Securities Exchange Act." *Id.*

The case cited by Defendants, *Raab v. General Physics Corp.*, 4 F.3d 286 (4th Cir.1993), narrowly interpreted *Virginia Bankshares* to make liable only those untrue statements of belief which involve "current" facts; predictions of future growth were not found to be actionable. *Brogren v. Pohlad*, 960 F.Supp. 1401, 1407 (D.Minn.1997) (declining to follow *Raab*). The Sixth Circuit, however, as noted in *Brogren*, has not drawn the distinction articulated in *Raab. Id.* at 1408. This Court must follow Sixth Circuit authority.

■ The statements at issue cannot be characterized as simply vague optimism. Defendant Miller's statements—that the company was well-positioned to produce at least 25% annual growth; that the balance sheet was as healthy as it had ever been; that capital gains would remain more than enough to offset credit losses; and that the current ratio of gross loans on credit watch to total loans was 7.8%, well within management's "normal" range of 6% – 10%— appear to be offering hard facts about the *current* state of Defendant's affairs and go beyond vaguely optimistic statements about the future. *See Simon v. American Power Conversion Corp.*, 945 F.Supp. 416, 429 (D.R.I.1996).

If, after discovery, Defendants can show that there are no genuine issues of material fact as to these alleged statements and that they are entitled to judgment as a matter of law, then summary judgment may be appropriate. At this juncture, however, Defendants' Motion to Dismiss Plaintiffs' allegations about the Wheat Report is DENIED.

## FACTS ACTUALLY DISCLOSED OR IMMATERIAL

■ Defendants allege that certain of Plaintiffs' allegations must be dismissed because the alleged misrepresentations were either actually disclosed or were immaterial. The Court finds that whether certain of the alleged omissions and misrepresentations were actually and truthful-

ly disclosed raises issues of fact, improper for decision at this juncture.[3]

Defendants contend that certain of the alleged misrepresentations were immaterial because of the cautionary language in the Prospectus. This "bespeaks caution doctrine" is essentially shorthand for the principle that a statement or omission must be considered in context. *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194, 1213 (1st Cir.1996).

The bespeaks caution doctrine, however, applies to forward-looking statements. *Harden v. Raffensperger, Hughes & Co.*, 65 F.3d 1392, 1404 (7th Cir.1995). "The bespeaks caution doctrine provides that when forecasts, opinions or projections in a disclosure statement are accompanied by meaningful warnings and cautionary language, the forward-looking statements may not be misleading." *Id.* "By definition, the bespeaks caution doctrine applies only to affirmative, forward-looking statements. *Stac Electronics*, 89 F.3d at 1408; *see also Shaw*, 82 F.3d at 1213 (bespeaks caution doctrine did not preclude claim that "reserve adequacy statement" was materially misleading).

As indicated above, Plaintiffs here assert that Defendants made affirmative misrepresentations concerning the existing financial health of the company, in press releases, the Registration Statement and Prospectus, and other public documents. Viewing the allegations as true, for purposes of this Motion to Dismiss, such allegations concerning statements of existing facts state a claim under the securities laws. Accordingly, Defendants' Motion to Dismiss on these grounds—disclosure and immateriality—is DENIED.

## NO DUTY TO DISCLOSE

 Defendants contend that they had no duty to disclose the "merger" of Precision Panel and Saraventures in the Prospectus or in the 10–Q and, therefore, Plaintiffs' allegations concerning that omis-

sion should be dismissed. Again, Defendants' argument raises questions of fact which cannot be decided on a motion to dismiss. For example, when Defendants knew about the alleged "merger" and when it should have been disclosed will be questions for the trier of fact, not properly for the Court at this time. Accordingly, Defendants' Motion to Dismiss on this ground is DENIED.

## FAILURE TO ALLEGE "SELLER" STATUS

Section 12(a)(2) of the Securities Act permits suit under that section only against a person who "offers or sells a security." 15 U.S.C. § 77*l*(a)(2). In determining who is a statutory seller under the Securities Act, the Supreme Court held that Section 12(a)(1) imposes liability on the owner who passed title or other interest in the security to the buyer for value and/or on the person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner. *Pinter v. Dahl*, 486 U.S. 622, 647, 108 S.Ct. 2063, 2078, 100 L.Ed.2d 658 (1988); *Picard Chemical*, 940 F.Supp. at 1132.

Although the definition of "seller" in *Pinter* was in the context of Section 12(1), courts, including the Sixth Circuit Court of Appeals, have held that it applies equally to Section 12(2). *Smith v. American Nat'l Bank and Trust Co.*, 982 F.2d 936, 942 (6th Cir.1992); *F & M Distributors, Inc. Securities Litigation*, 937 F.Supp. 647, 657 (E.D.Mich.1996).

Thus, the Court must determine whether Defendants sold or successfully solicited the purchase of securities, motivated at least in part by a desire to serve their own financial interests or those of the securities owner(s). Plaintiffs apparently admit that the Section 12(a)(2) claim applies only to

---

**3.** For example, Plaintiffs assert, and this Court must view as true for purposes of this Motion, that Defendants improperly valued its Precision Panel and Saraventures loans in

public disclosures. Whether that allegation is true or false is not before this Court at this time.

Defendants Miller, Morris, Stratton and Williams. *See* Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (Docket No. 47), p. 27 ("The Complaint States Valid Section 12(a)(2) Claims Against Defendants Miller, Morris, Stratton, And Williams").

 In order to establish liability for solicitation under Section 12(2), Plaintiffs must demonstrate direct and active participation in the solicitation of the immediate sale. *Picard Chemical,* 940 F.Supp. at 1133. Plaintiffs allege that the Individual Defendants' acts of solicitation included participating in the preparation of the false and misleading Prospectus. Docket No. 30, ¶ 121. Plaintiffs also allege that Defendants Miller, Morris, Stratton and Williams signed the Registration Statement/Prospectus which Plaintiffs contend was false and misleading. *Id.,* ¶ 39.

 A Prospectus itself is considered a solicitation document. *Picard Chemical,* 940 F.Supp. at 1133. Thus, the Defendants who actually signed the Registration Statements may be said to have solicited the public to purchase the stock. *Id.*

Plaintiffs also allege that the Defendants were motivated by the desire to protect and enhance the Individual Defendants' executive positions and the substantial compensation and prestige they obtained thereby and to enhance the value of the Sirrom common stock of those Individual Defendants who owned such stock. Docket No. 30, ¶ 137. Finally, Plaintiffs aver that Defendants Morris, Resha, Harris and Williams sold Sirrom stock and benefitted thereby. *Id.,* ¶ 139.

 Consequently, taken in the light most favorable to Plaintiffs, the Complaint does allege that Defendants Miller, Morris, Stratton and Williams, who signed the Registration Statement/Prospectus, "solicited" Plaintiffs to purchase Sirrom stock and that in so doing they were motivated by a desire to serve their own financial interests. These are factual allegations which must be determined by the trier of fact and are sufficient to survive a motion to dismiss.

With regard to Defendants Resha and Harris, however, Plaintiffs have not alleged sufficient allegations that they meet the definition of "seller" explained above. In addition, as noted, Resha and Harris did not sign the Registration Statement. Accordingly, Defendants' Motion to Dismiss the Section 12(a)(2) claims [Count II] against Defendants Resha and Harris is GRANTED.

## CONTROL PERSON LIABILITY

Defendants argue that Plaintiffs' claims against the Individual Defendants as "control persons" must be dismissed, since the primary liability claims should be dismissed. As found above, the Court will not dismiss the primary Section 11, Section 12, Section 10(b) and Rule 10b–5 claims against Defendants.

Defendants also contend that Plaintiffs have failed to sufficiently allege that the Individual Defendants exercised control over the operations of Sirrom. To the contrary, Plaintiffs assert that the Individual Defendants, as senior officers and directors of Sirrom, controlled the contents of Sirrom's public filings, press releases and presentations to securities analysts. Docket No. 30, ¶ 13. Plaintiffs also aver that Defendants Miller, Morris, Stratton and Williams signed the allegedly false and misleading Prospectus. *Id.,* ¶ 39.

 Whether the Individual Defendants exercised sufficient control to be found liable on these two counts raises factual issues, to be decided by the trier of fact. Defendants have not shown that Plaintiffs can prove no set of facts which would entitle them to relief under these theories.

Accordingly, Defendants' Motion to Dismiss the "control person" claims [Counts III and V of the Complaint, pursuant to Section 15(a) and Section 20(a) of the Securities Act] is DENIED.

## SUMMARY JUDGMENT

As provided in Rule 56(c) of the Federal Rules of Civil Procedure, summary judg-

ment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986). Of course, the court is to construe the evidence and all inferences to be drawn from it in the light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2513–14, 91 L.Ed.2d at 216.

Once a motion for summary judgment has been made, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)." *Davidson & Jones Dev. Co., Inc. v. Elmore Dev. Co.*, 921 F.2d 1343, 1349 (6th Cir.1991). The non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274; *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989). While the disputed issue does not have to be resolved conclusively in favor of the non-moving party to defeat summary judgment, "sufficient evidence supporting the claimed factual dispute" must be shown, thereby requiring resolution of the parties' differing versions of the truth by a jury or judge. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510, 91 L.Ed.2d at 212; *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569, 592 (1968).

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

■ Defendants assert that they are entitled to partial summary judgment, on the issue of whether Defendants complied with generally accepted accounting principles ("GAAP"). Defendants first assert that they did comply with GAAP. It is clear to the Court that there exist genuine issues of material fact with regard to the issue of whether Defendants did comply with GAAP in their accounting procedures.

Nonetheless, Defendants argue that summmy judgment is still appropriate because differences of opinion in the use of GAAP do not constitute material omissions or misstatements, citing *Stavroff v. Meyo*, 1997 WL 720475 at *6 (6th Cir. Nov.12, 1997). *Stavroff* also holds, however, that violations of GAAP "standing alone" are not tantamount to securities fraud. *Id.* Here, Plaintiffs allege that Defendants not only violated GAAP, but also misrepresented facts and made false, misleading public statements as a result.

The Court cannot determine this issue with no discovery on the matter. Accordingly, Defendants' Motion for Partial Summary Judgment is premature and is DENIED.

## CONCLUSION

For the reasons explained herein, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiffs' Section 12(a)(2) claims against Defendants Resha and Harris are DISMISSED. In addition, Defendants' Motion for Partial Summary Judgment is DENIED.

Accordingly, Plaintiffs' Motion for Leave to Take Discovery or, in the Alternative, to Strike Defendants' Motion for Partial Summary Judgment (Docket No. 48) is DENIED as moot; and Defendants' Request for Oral Argument (Docket No. 53) is DENIED.

The parties are hereby ORDERED to file with the Court, on or before Wednesday, June 30, 1999, a statement as to whether there is any reason this case should not be referred for alternative dispute resolution, pursuant to Local Rule 20.

IT IS SO ORDERED.